```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|   |   |
|---|---|
| UNITED STATES, | Crim. No. 18-0645 (NLH) |
| v. | **MEMORANDUM OPINION & ORDER** |
| MICHAEL SHUMATE, | |
| DEFENDANT. | |

APPEARANCE:

Michael Shumate
71919-050
FCI Cumberland
PO Box 1000
Cumberland, MD 21501

    Defendant pro se

Rachael A. Honig, Acting United States Attorney
Heather Suchorsky, Assistant U.S. Attorney
United States Attorney's Office for the District of New Jersey
970 Broad Street
Suite 700
Newark, NJ 07102

    Attorneys for the United States

HILLMAN, District Judge

    WHEREAS, a judgment of conviction sentencing Defendant Michael Shumate to a term of 144 months' imprisonment was entered on September 26, 2019, see ECF No. 22; and

    WHEREAS, Defendant filed a pro se motion for an extension of time to file a motion under 28 U.S.C. § 2255 on October 15, 2020, see ECF No. 25; and

WHEREAS, the United States filed opposition to Defendant's motion, asserting that Defendant's time to file a § 2255 motion under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") had expired, ECF No. 27; and

WHEREAS, the Court can rule on the motion notwithstanding the fact that Defendant has not filed his substantive § 2255 motion yet, see United States v. Thomas, 713 F.3d 165 (3d Cir. 2013); and

WHEREAS, "[c]ourts should grant a motion for an extension of time to file a § 2255 motion sparingly, and should do so only when the 'principles of equity would make the rigid application of a limitation period unfair.'"  Id. at 174 (quoting Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011)); and

WHEREAS, Defendant requested the extension because he "was starting the process, but when the Coronavirus hit the States they shut the jail down and I couldn't go to the law library, and I still can't."  ECF No. 25 at 1.  He requests an extension until June 2021 as prison officials speculated that the facility would not reopen until early 2021.  Id.; and

WHEREAS, section 2255 requires a first motion to correct, vacate, or set aside a federal conviction to be filed within one year of the judgment becoming final.  See 28 U.S.C. § 2255(f)(1).  "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and

2

sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999); and

WHEREAS, Defendant did not file an appeal. Therefore, his conviction became final on October 10, 2019, 14 days after his judgment of conviction was entered. Fed. R. App. P. 4(b)(1). As such, a timely § 2255 motion was due Friday, October 9, 2020; and

WHEREAS, Defendant's motion for an extension of time was post-marked October 15, 2020, six days after his time under AEDPA expired, ECF No. 25 at 2; and

WHEREAS, unless equitable tolling applies, granting the motion for an extension of time would be futile since Defendant's motion was mailed after the AEDPA period expired; and

WHEREAS, "equity permits extending the statutory time limit when a defendant shows that (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Thomas, 713 F.3d at 174 (internal quotation marks omitted); and

WHEREAS, Defendant's motion does not address the relevant time period. Defendant must explain why a timely § 2255 motion

3

could not be filed between October 10, 2019 and October 13, 2020; and

WHEREAS, in the interests of justice, the Court will permit Defendant to submit arguments in favor of equitable tolling within 21 days of this Order.  The United States may file a response to the arguments 14 days after receipt of Defendant's arguments,

THEREFORE, IT IS on this  18th   day of February, 2021

ORDERED Defendant may submit arguments in favor of equitable tolling within 21 days of this Order; and it is further

ORDERED that United States may file a response to the arguments 14 days after receipt of Defendant's arguments; and it is finally

ORDERED that the Clerk shall send Defendant a copy of this Order by regular mail.


At Camden, New Jersey
                                        s/ Noel L. Hillman
                                        NOEL L. HILLMAN, U.S.D.J.