```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                   :
UNITED STATES OF AMERICA,          :
                                   :   No. 18-cr-0645 (NLH)
                                   :
     v.                            :   OPINION
                                   :
MICHAEL SHUMATE,                   :
                                   :
          Defendant.               :
_____:
```

APPEARANCES:

Michael Shumate
71919-050
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501

    Defendant Pro se

Rachael A. Honig, Acting United States Attorney
Heather Suchorsky, Assistant United States Attorney
United States Attorney's Office for the District of New Jersey
960 Broad Street
Suite 700
Newark, NJ 07102

    Counsel for United States

HILLMAN, District Judge

On September 26, 2019, this Court entered a judgment of conviction against Defendant Michael Shumate for violating 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a)(1), (b)(1)(C). ECF No. 22. The Court sentenced Defendant to a total custodial term of 144 months. Id. Defendant did not file a direct appeal.

On October 15, 2020, Defendant mailed a pro se motion for an extension of time to file a motion under 28 U.S.C. § 2255. ECF No. 25. The United States filed a response opposing the motion on the grounds that Defendant's time to file a § 2255 motion under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") had expired. ECF No. 27. At the Court's direction, the parties filed supplemental responses on the issue of equitable tolling. ECF Nos. 29, 32, 33. This Court may decide the motion notwithstanding the fact that Defendant has not filed his substantive § 2255 motion yet. United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013).

Section 2255 requires a first motion to correct, vacate, or set aside a federal conviction to be filed within one year of the judgment becoming final. 28 U.S.C. § 2255(f)(1). "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). Defendant did not file an appeal; therefore, his conviction became final on October 10, 2019, 14 days after his judgment of conviction was entered. Fed. R. App. P. 4(b)(1). As such, a timely § 2255 motion was due Friday, October 9, 2020.

"Courts should grant a motion for an extension of time to file a § 2255 motion sparingly, and should do so only when the 'principles of equity would make the rigid application of a limitation period unfair.'" Thomas, 713 F.3d at 174 (quoting Pabon v. Mahanoy, 654 F.3d 385, 399 (3d Cir. 2011)). "The Supreme Court has instructed that equity permits extending the statutory time limit when a defendant shows that (1) 'he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Id. (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)).

In response to this Court's request for equitable tolling arguments, Defendant wrote:

> {O}nce I got sentenced I waited to get situated in the prison that the F.B.O.P sent me to. So, I got situated and by February, I started and got copies of the 2255 forms. But me not being fluent in the language of the law I didn't understand how to fill out the forms myself. I tried to retain a lawyer but the lawyers that I found either said that the 2255's didn't work or they wanted $5000.00 to fill out a form that I can learn to fill out myself.
>
> By then it was March, so I went and found another inmate to show me how to fill out the paperwork or to fill it out for me. The day after I found the guy to help me out, the whole jail got locked down because of the pandemic.

ECF No. 32 at 1.

Defendant has not satisfied the requirements for equitable tolling of the AEDPA statute of limitations. By his own

3

admission, Defendant took no action to file a challenge to his convictions for four months. Defendant's inability to find a lawyer to represent him also does not constitute extraordinary circumstances. "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." Ross v. Varano, 712 F.3d 784, 799-800 (3d Cir. 2013). See also Jenkins v. Greene, 630 F.3d 298, 305 (2d Cir. 2010) ("[T]he doctrine of equitable tolling does not permit . . . tolling whenever a petitioner must face the daunting procedural obstacles to obtaining habeas review without the assistance of counsel."); Wright v. New Jersey, No. 17-3584, 2018 WL 2059554, at *3 (D.N.J. May 3, 2018) ("The desire to avoid proceeding pro se is not a severe filing impediment justifying equitable tolling.").

Defendant has also failed to show that the COVID-19 pandemic created extraordinary circumstances in his specific case. The Court acknowledges that access to the legal library at Fairton may have been curtailed to reduce the spread of COVID-19, but there is "no reason to believe that [Defendant] could not prepare and submit . . . a simple one-paragraph document" to preserve his rights under § 2255. Brown v. Shannon, 322 F.3d 768, 774 (3d Cir. 2003). The Court received many petitions from federal prisoners between March and October

4

2020; Defendant puts forth no reason as to why he specifically could not file a § 2255 motion, or even his motion for an extension of time to file one, before the statute of limitations expired. Under these circumstances, equitable tolling is not warranted. Since the Court has concluded that equitable tolling does not apply to Defendant's case, it would be futile to grant the motion for an extension of time to file. The motion will be denied.

To the extent a certificate of appealability is required, the Court declines to issue one. 28 U.S.C. § 2253(c)(1); see also United States v. Thomas, 713 F.3d 165, 166 n.1 (3d Cir. 2013). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when ... jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that equitable tolling does not apply to Defendant's case and his § 2255 motion would be time barred.

An appropriate order will be entered.

Dated: May 7, 2021                          s/ Noel L. Hillman
At Camden, New Jersey                       NOEL L. HILLMAN, U.S.D.J.