UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Crim. No. 18-0645(NLH) |
| v. | : | **OPINION** |
| MICHAEL SHUMATE, | : | |
| Defendant. | : | |

**APPEARANCES:**

MICHAEL SHUMATE
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
CUMBERLAND, MD 21501

  *Plaintiff appearing pro se*

HEATHER SUCHORSKY
UNITED STATES ATTORNEY'S OFFICE
DISTRICT OF NEW JERSEY
970 BROAD STREET
NEWARK, NJ 07102

  *Counsel for the United States*

**HILLMAN**, United States District Judge:

This matter comes before the Court upon Defendant's *pro se* Motion for Compassionate Release. [Dkt. No. 28].

**I.    BACKGROUND**

Defendant is an inmate at FCI Cumberland in Maryland.  On February 25, 2019, Shumate pled guilty before the Honorable Jerome B.

1

Simandle to two charges; being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and possession with intent to distribute N-Ethylpentylone, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c). Defendant was sentenced by the undersigned judge on September 25, 2019 to a term of imprisonment of 120 months on Count One and 144 months on Count Two, to run concurrently. At the completion of his sentence, Shumate is to complete three years of supervised release for each count, to also run concurrently.

After completing nearly fourteen months of his sentence, Shumate filed the present *pro se* motion on November 23, 2020 seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to the ongoing COVID-19 pandemic. [Dkt. No. 28]. On February 25, 2021, Assistant Federal Public Defender Christopher O'Malley filed a letter advising that his office would not be representing Shumate in this matter. The United States of America responded in opposition to Shumate's Motion on March 13, 2021. [Dkt. No. 31].

**II.   LEGAL STANDARD**

**A. Motion for Reduction of Sentence Under First Step Act**

According to the recently enacted First Step Act, a court may afford a defendant "compassionate release for 'extraordinary and compelling reasons.'" *United States v. Sellers*, Crim. No. 10-434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020) (quoting 18 U.S.C. § 3582(C)(1)(A)(i)). Before bringing a motion for

2

reduced sentence on their own behalf, defendants first "must ask the Bureau of Prisons ("BOP") to do so on their behalf, give BOP thirty days to respond, and exhaust any available administrative appeals." *United States v. Raia*, Civ. No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020) (citing § 3582(c)(1)(A)). "Thus, under the First Step Act, a defendant seeking a reduction in his term of imprisonment bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Sellers,* 2020 WL 1972862 at *1 (citing 18 U.S.C. § 3582(C)(1)(A)).

At this second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3852(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Pabon*, Crim. No. 17-165-1, 2020 WL 2112265, at *2 (E.D. Pa. May 4, 2020).

### III.   DISCUSSION

#### A. Motion for Reduction of Sentence Under First Step Act

The parties agree that Shumate has satisfied the statutorily required exhaustion remedies and is thus permitted to bring a motion for reduced sentence in this Court. Thus, the Court

3

focuses on the second step of the analysis as set forth above.

### 1. Whether Extraordinary and Compelling Reasons Exist

Shumate asserts that the COVID-19 pandemic and his various health issues constitute extraordinary and compelling circumstances warranting a reduction in his sentence. [Dkt. No. 28 at 6]. In his Motion, Shumate cites the following personal medical conditions to support his request for reduction of his sentence: sleep apnea and bronchitis, severe obesity, irregular kidney function, anxiety attacks, and possible diabetes. [Dkt. No. 28 at 3-4]. Shumate states that "[S]pecifically, the heightened risk to Mr. Shumate do [sic] to the coronavirus pandemic justifies his request for compassionate release." *Id*. While the Court does not seek to undermine the seriousness of this pandemic, or the seriousness of Shumate's medical issues, the Court finds his health conditions and generalized COVID-19 arguments unpersuasive. The Third Circuit recently addressed the issue of COVID-19 as it pertains to prison populations, stating that the "mere existence of COVID-19 in society and the possibility that it may spread" in a particular prison "alone cannot independently justify compassionate release." *Raia*, 2020 WL 1647922, at *2.

The Court recognizes that throughout this pandemic, there have been 344 positive cases of COVID-19 among inmates at FCI

4

Cumberland.[1]  However, no inmate or staff member has died of COVID-19 and as of the writing of this Opinion there are no active inmate cases and only one currently positive staff member.[2]  Moreover, 187 staff members and 596 inmates at FCI Cumberland have received the COVID-19 vaccination, including Mr. Shumate.[3]  Thus, standing alone, the mere existence of COVID-19 at FCI Cumberland, which appears to be waning, is insufficient to show "extraordinary and compelling reasons" for release. *See United States v. Brown*, No. 13-282, 2020 WL 4244859, at *3 (W.D. Pa. July 29, 2020) (denying compassionate release motion despite the presence of COVID-19 at Loretto FCI); *United States v. Snyder*, No. 19-00200, 2020 WL 5993772, at *1 (M.D. Pa. Oct. 9, 2020) (same); *United States v. Sellers*, Crim. No. 10-434, 2020 WL 1972862 at *2 (D.N.J. Apr. 24, 2020) (finding "the measures instituted by the BOP to be reasonable to address the virus outbreak" at a federal prison in New York even though several inmates had tested positive); *United States v. Stevens*, Crim. No. 19-350-02, 2020 WL 1888968, at *4 (E.D. Pa. Apr. 16, 2020) ("Although the Court is aware of the dangers posed by COVID-19 and is sympathetic to [Defendant's] concern about COVID-19 given his diabetes, speculation about possible future conditions at the

---

[1] *COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited June 9, 2021).

[2] *Id.*

[3] *Id.*, and Opposition Brief, page 1. [Dkt. No. 31].

FDC does not constitute an exceptional reason for release.") (collecting cases); *United States v. Haney*, Crim. No. 19-541, 2020 WL 1821988 at *5 (S.D.N.Y. Apr. 13, 2020) (denying a 61-year-old defendant's request for early release, stating that although the prison has several confirmed cases of COVID- 19). The Court is sympathetic and recognizes the potential for Shumate's exposure to COVID-19 at FCI Cumberland. Unfortunately, that potential exists anywhere in society. In his Motion, Shumate indicated his intent to return to live with his daughter and family if the Court grants his Motion. Although he does not provide an address or location for his daughter's residence, the fact remains that the potential for COVID-19 exposure exists in equal measure and perhaps more so beyond the confines of FCI Cumberland and poses a risk to all those in society.

Furthermore, Shumate's medical conditions, while serious, fail to rise to a level of severity that this Court feels would warrant a reduction in sentence. Shumate submits, and the United States agrees, that his Body Mass Index ("BMI") of 42.8 places him in a category of severe obesity. The Centers for Disease Control and Prevention ("CDC") advise that a BMI over 40 places an individual in a high-risk category for the contracting COVID-19. The Government does not dispute Defendant's risk category, and in different circumstances Shumate's medical conditions alone would possibly present extraordinary and compelling circumstances

6

for release. [Opposition, page 7]. The Government submits, however, and this Court agrees on the facts of this case, that "Defendant's vaccination status . . . undercuts his claim of extraordinary and compelling reasons." *Id*. On March 3, 2021, Shumate received the first dose of the Modern COVID-19 vaccine, *see* Ex. F at 40, and is now likely fully vaccinated. While this Court does not consider vaccination status alone to be a determinative factor, due to the ongoing inmate vaccination efforts it is appropriate for courts to consider the vaccination status of the defendant when considering compassionate release motions. Courts around the country have recently denied compassionate release to defendants who have been vaccinated, including inmates like Shumate who have received the first dose of the vaccine. *See United States v. Irizzary*, Crim. No. 14-652-23, 2021 WL 735779, at *7 (E.D. Pa. Feb. 25, 2021) (finding that health conditions of defendant, who had recently received the first dose of the Moderna vaccine, did not present extraordinary and compelling reasons for release "especially given [defendant's] recent COVID-19 vaccination" and conditions at the facility, and that release was inconsistent with the 3553(a) factors); *United States v. Ulmer*, Crim. No. 18-579-3, 2021 WL 844579, at *3 (E.D. Pa. March 5, 2021) (denying compassionate release for reasons including that defendant having received first dose of Moderna vaccine and previously recovered from

7

COVID-19 "significantly outweigh[ed]" risk at facility); *United States v. Cortez*, Crim. No. 18-858, 2021 WL 689923, at *1 (D. Ariz. February 23, 2021) (citing cases and finding no extraordinary or compelling circumstances where defendant had received both doses of the Pfizer vaccine).

Mr. Shumate's other medical conditions fail to constitute "extraordinary and compelling" reasons for release either alone or in combination with his obesity. While his documented obesity is certainly a co-morbidity factor that this Court takes seriously, Shumate does not provide evidence to establish that he has any of the other enumerated conditions that would place him at high risk of contracting COVID-19. When considering all circumstances impacting Shumate, and the fact that he has already received his first dose of the COVID-19 vaccine, he does not meet the required "extraordinary and compelling" standard for reduction of his sentence.[4] *See United States v. Epstein*, Crim. No. 14-287-1, 2020 WL 2537648 (D.N.J. May 19, 2020) (denying an inmate's motion for sentence reduction after finding that his health conditions were under control while in prison).

### 2. Section 3553(a) Factors

Even if the extraordinary and compelling standard were met

---

[4] The Court further recognizes that obesity may, under certain circumstances, be a qualifying serious physical and medical condition under the applicable Guidelines Policy Statement. U.S.S.G. § 1B1.13, application note 1 (A)(ii)(1). This would also be true if his concerns about diabetes are confirmed.

in this case, the Court would still deny the Motion. An analysis of the Section 3553(a) compels the denial of Shumate's request for sentence reduction. In considering whether to reduce a defendant's sentence, a court must look to the factors contained in 18 U.S.C. § 3553(a). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

18 U.S.C. § 3553.

As the Government contends, Shumate's crimes were serious. Shumate was arrested after selling an undercover officer $6,500 worth of narcotics, advertised as "Molly," in October 2018. PSR ¶ 13. After arresting Shumate, law enforcement officials recovered two firearms hidden within his home. *Id*. Both firearms were loaded with ammunition, and one firearm, a 9mm Taurus Millennium pistol, had a defaced serial number. *Id*. The Court agrees with the Government that the combination of Shumate's drug distribution activities and unlawful firearm possession contributes to the seriousness of his crimes, and the

inherit risk of violence surrounding these activities.

Additionally, Shumate's extensive criminal history weighs against release. He has seven prior felony convictions of controlled substance offenses and his twenty criminal history points places him far above the number (13) to place him in the highest Criminal History Category, Category VI even if her did not qualify as a career offender which he does. PSR ¶¶ 58-59. It appears that Shumate's prior sentences have failed to adequately deter his continued criminal conduct, a fact this Court must strongly consider. Shumate's offenses of conviction carried a guidelines range of 151 to 188 months' imprisonment, and this Court sentenced him to 144 months' imprisonment, a modest downward variance. As of June 2021, has only served a small percentage of this otherwise lenient sentence. Opp. at 10. The Court recognizes the risk that a shortened sentence would not provide adequate deterrence for future criminal conduct and agrees with the Government that Shumate's sentence avoids sentencing disparities among similarly situated defendants.

Therefore, on the facts presented and the totality of Shumate's actions, this Court finds that the Section 3553(a) factors weigh against granting Shumate's Motion for a reduced sentence.[5]  *See, e.g.*, *United States v. Torres*, No. 18-414, 2020

---

[5] None of the other 3553(a) factors favor compassionate release in this case.

WL 3498156, at *10 (E.D. Pa. June 29, 2020) (denying motion where defendant served less than 15% of 63-month sentence for drug offense); *United States v. DeMille*, 465 F. Supp. 3d 1144, 1149 (D. Or. June 8, 2020) (denying motion where former registered nurse for pill mill had health problems but none fell within the CDC risk factors and the defendant had only served a small portion of her sentence).  In finding so, the Court is cognizant of the seriousness of Shumate's conduct and the need to provide adequate deterrence.

Accordingly, the Motion for Compassionate Release will be denied.

IV.   **CONCLUSION**

For the reasons set forth above, Defendant's Motion for Compassionate Release [Dkt. No. 28] will be denied.  An accompanying Order shall issue.

Date:      6/9/2021                          s/Noel Hillman
At Camden, New Jersey                        NOEL L. HILLMAN, U.S.D.J.