```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
_____
                                    :
UNITED STATES OF AMERICA,           :
                                    :  No. 18-cr-0645 (NLH)
                                    :
     v.                             :  OPINION
                                    :
MICHAEL SHUMATE,                    :
                                    :
          Defendant.                :
_____:
```

APPEARANCES:

MICHAEL SHUMATE
71919-050
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
CUMBERLAND, MD 21501

    *Pro se*

HEATHER SUCHORSKY
US ATTORNEYS OFFICE, DISTRICT OF NJ
970 BROAD STREET
NEWARK, NJ 07102

CHRISTINA O. HUD
OFFICE OF THE U.S. ATTORNEY
DISTRICT OF NEW JERSEY
4TH & COOPER STREETS
CAMDEN, NJ 08101

    *Counsel for United States*

**HILLMAN, District Judge**

    Before the Court is Michael Shumate's ("Defendant") Motion for Reconsideration of the Court's May 7, 2021 Order denying Defendant's motion for an extension of time to file a motion

under 28 U.S.C. § 2255.  (ECF 40).  For the reasons that follow, the Court will deny Defendant's Motion for Reconsideration.

**Background**

On September 26, 2019, this Court entered a judgment of conviction against Defendant for violating 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a)(1), (b)(1)(C).  (ECF 22).  The Court sentenced Defendant to a total custodial term of 144 months.  Id.  Defendant did not file a direct appeal.

On October 15, 2020, Defendant mailed a pro se motion for an extension of time to file a motion under 28 U.S.C. § 2255.  ECF No. 25.  The Government filed a response opposing the motion on the grounds that Defendant's time to file a § 2255 motion under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") had expired.  (ECF 27).  At the Court's direction, the parties filed supplemental responses on the issue of equitable tolling.  (ECF 29, 32, 33).  The Court thereafter denied Defendant's motion for extension on May 7, 2021. (ECF 35).  On July 26, 2021, Defendant filed the instant Motion for Reconsideration.[1]  (ECF 40).  The Government filed a response in

---

[1] Defendant titled his motion as a Motion for Reconsideration and "To Allow Movant to Filed a Belated § 2255 Motion."  (ECF 40). Because the request to file a belated § 2255 motion is seeking the exact same relief on as the Motion for Reconsideration and on the same grounds, the Court construes the filing as a Motion for Reconsideration.

opposition on November 23, 2021.  (ECF 43).  The Court decides the instant motion against this procedural and factual backdrop.

**Discussion**

Although there is no Federal Rule of Criminal Procedure that explicitly governs Motions for Reconsideration, the Third Circuit has recognized that such motions may be filed in criminal matters.  United States v. Fiorelli, 337 F.3d 282, 286 (3d Cir. 2003) ("As noted by the Second and Ninth Circuits, motions for reconsideration may be filed in criminal cases."). Indeed, New Jersey's Local Rules recognize that Local Rule of Civil Procedure 7.1(i), dealing with motions for reconsideration, applies in criminal matters.  L. Cr. R. 1.1; United States v. Curry, 2006 WL 1320083, at *1 n.2 (D.N.J. May 12, 2006) ("While the Federal Rules of Criminal Procedure do not specifically address motions for reconsideration, our Local Rule of Criminal Procedure 1.1 expressly adopts for use in criminal cases Local Rule of Civil Procedure 7.1(i), which permits a party to move for reconsideration or reargument.").  The three main avenues that deal with Motions for Reconsideration are Rule 59(e), Rule 60(b), and Local Rule 7.1(i).  See Copeland v. Twp. of Bellmawr, No. 1:17-CV-12104-NLH-JS, 2019 WL 494454, at *2 (D.N.J. Feb. 8, 2019).

Local Rule 7.1(i), along with Rule 59(e), allows a party to file a motion with the Court requesting the Court to

3

reconsider the "matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked."[2]  L. Civ. R. 7.1(i); see also Flores v. Predco Servs. Corp., No. 10-1320, 2011 WL 3273573, at *1 (D.N.J. Jul. 29, 2011).  The Third Circuit has held that a Rule 7.1(i) motion may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice.  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (internal citations omitted).  These motions must be made within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.  L. Civ. R. 7.1(i).

   Local Civil Rule 7.1(i) applications are to be granted sparingly.  Brackett v. Ashcroft, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *2 (D.N.J. Oct. 7, 2003) (internal citations

---

[2] Defendant does not identify specifically which provision of law under which he is moving for reconsideration.  Motions under Rule 59(e) and Local Rule 7.1(i) are governed by the same standard. In re Vehicle Carrier Servs. Antitrust Litig., No. CV133306ESJAD, 2016 WL 1628879, at *2 (D.N.J. Apr. 25, 2016), aff'd, 846 F.3d 71 (3d Cir. 2017), as amended (Jan. 25, 2017) ("The standard for a motion brought under Local Civil Rule 7 .1(i) is the same as that for a motion brought under Rule 59(e), which governs motions to alter or amend a judgment.").  Rule 60(b) presents a slightly different standard which the Court will address as well.

4

omitted) ("[r]econsideration is an extraordinary remedy that is granted very sparingly."); see also L. Civ. R. 7.1(i), cmt. 6(d).  A mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law.  United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).  The burden is on the moving party to demonstrate the existence of clear error or manifest injustice. Andreyko v. Sunrise Sr. Living, Inc., 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (citations omitted).  In doing so, the moving party must show the "'dispositive factual matter or controlling decisions of law'" it believes the court overlooked in its initial decision.  Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507 (D.N.J. 2002).

The other chief avenue for reconsideration is via Rule 60(b).  "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528, 125 S. Ct. 2641, 162 L.Ed.2d 480 (2005).  In addition, Rule 60(b)(6) "is a catch-all provision that authorizes a court to grant relief from a final judgment for 'any ... reason' other than those listed elsewhere in the Rule." Cox v. Horn, 757 F.3d 113, 120 (3d Cir. 2014) cert. denied sub nom. Wetzel v. Cox, 135 S. Ct. 1548, 191 L.Ed. 2d 663 (2015).

Rule 60(b) motions are left to the sound discretion of the trial court, consistent with accepted legal principles applied in light of all relevant circumstances. Pierce Assoc. Inc. v. Nemours Found., 865 F.2d 530, 548 (3d Cir. 1988). "A court may grant a Rule 60(b) motion only in extraordinary circumstances, and a Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided." Weber v. Pierce, No. 13-283, 2016 WL 2771122, at *2 (D. Del. May 13, 2016) (citations and footnote omitted); see also Cox, 757 F.3d at 120 (quoting Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)). Under Rule 60(c), a motion under 60(b) must be filed within a "reasonable time." Millhouse v. Warden Lewisburg USP, 836 F. App'x 105, 108 (3d Cir. 2020)

First, Defendant has not met his burden under Rule 59(e) or Local Rule 7.1(i). The Court issued its order denying Defendant's motion for an extension of time to file his § 2255 petition on May 7, 2021 (ECF 35) and Defendant did not file the instant motion until July 26, 2021 (ECF 40). Even accepting that Defendant received this Court's order on June 28, 2021, he still waited well over 14 days to file his Motion for Reconsideration.³ (ECF 40 at 1). L. Civ. R. 7.1(i). Thus, his

---

³ The prison mailbox rule, as applied by the Third Circuit, excludes the time that the prison facility took in delivering a court's ruling to an inmate from the time the inmate has to move for reconsideration from that order provided that the inmate

6

motion under Rule 59(e) and Local Rule 7.1(i) is time-barred.

Even if Defendant's motion could be deemed timely, he has not alleged a change in controlling law, the existence of new evidence, or a clear error of law or manifest injustice. Max's Seafood Café ex rel. Lou-Ann, Inc., 176 F.3d at 677. Rather, Defendant rehashes his old argument that his delay in filing a § 2255 petition was excusable due to lack of attorney assistance. (ECF 40 at 2-8). That does not present any facts that were unavailable to Defendant previously, does not show a change in controlling law, or show that the Court erred in its underlying Order. Copeland, 2019 WL 494454 at *2 n.4 ("A motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached, and mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law[.]" (internal citations omitted).

Defendant's reference to Rehaif v. United States, 139 S. Ct. 2191 (2019) does not point out a change in law or an error

---

actually alleges delay or interference. United States v. Fiorelli, 337 F.3d 282, 290 (3d Cir. 2003) ("Unlike outgoing delays occurring after a prisoner deposits a court filing with prison authorities, incoming deliveries of an appealable order require some allegation of actual delay or interference."). The Court need not parse the details of the delay in Defendant receiving its Order as Defendant's motion is untimely even accepting his version of events.

7

by the Court in construing the law.  Rather, it is an attempt to substantively litigate a § 2255 motion where the Court already determined that such motion is time-barred.  United States v. Donahue, 733 F. App'x 600, 603 (3d Cir. 2018) (explaining that a motion for reconsideration in the habeas context must be used to consider the process by which the court analyzed a habeas petition, not to attack the underlying conviction).  This is impermissible bootstrapping.

Further, Defendant's arguments about his counsel's advice during plea negotiations were not the subject of Defendant's previous motion and thus inappropriate for a Motion for Reconsideration.  Phillips v. Norward, No. CIV. 14-4468 RBK, 2014 WL 4367095, at *2 (D.N.J. Sept. 3, 2014), aff'd, 614 F. App'x 583 (3d Cir. 2015) ("[A] motion for reconsideration cannot be used to present a new claim.").  Thus, through the lens of Rule 59(e) and Local Rule 7.1(i), Defendant's motion must be denied.

The Court will also deny the motion looking at it through the lens of Rule 60(b).  As mentioned above, relief under Rule 60(b) is a very high bar.  Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991) ("The movant under Rule 60(b) bears a heavy burden[.]").  To meet it, a movant needs to show some "extraordinary justifying circumstances."  Id.  Defendant does not offer any arguments approximating fraud, mistake, or newly discovered evidence.  Gonzalez, 545 U.S. at 528.  He simply

restates why he did not file his § 2255 motion within the statutory time limit and tries to argue the merits of a § 2255 motion. (ECF 40 at 2-8). As explained in analyzing Defendant's motion under Rule 59(e) and 7.1(i), regurgitating arguments that the Court has already rejected is not enough. Copeland, 2019 WL 494454 at *2 n.4. Similarly, the Court cannot consider arguments raised for the first time under Rule 60(b). See Donahue, 733 F. App'x at 603. Thus, Defendant's motion for reconsideration must also be denied under Rule 60(b).[4]

Conclusion

For the reasons set forth above, Defendant's Motion for Reconsideration (ECF 40) will be denied. An accompanying Order will issue.

Dated: June 7, 2022         s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.

---

[4] In terms of the timing of Defendant's filing, Defendant has not proffered any reason why is filing his motion more than a month he received the Order is reasonable per Rule 60(c). Without any such explanation, the Court construes Defendant's motion as untimely under Rule 60(b) as well. In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig., 383 F. App'x 242, 246 (3d Cir. 2010) ("What constitutes a 'reasonable time' depends on the circumstances of each case."). While a month or two delay in filing a motion in some cases may be acceptable, the Court discerns no reason as to why Defendant waited, and Defendant does not offer one.